# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v

TYWON DEON HAMILTON,

    Defendant-Appellant.

UNPUBLISHED
August 7, 2018

No. 329845
Wayne Circuit Court
LC No. 15-002167-01-FH

ON REMAND

Before: RIORDAN, P.J., and METER and FORT HOOD, JJ.

RIORDAN, P.J. (*dissenting*)

I respectfully dissent.

When this case previously was before us, I wrote separately to address one of the issues our Supreme Court now has remanded this case to us to consider, i.e., whether the trial court's admission of hearsay testimony in violation of MRE 803A required reversal or was a harmless error. *People v Hamilton*, ___ Mich ___; 911 NW2d 200 (2018); *People v Hamilton*, unpublished per curiam opinion of the Court of Appeals, issued July 6, 2017 (Docket No. 329845) (RIORDAN, J., concurring in part and dissenting in part), pp 4-5. I observed that it was more probable than not that the error was outcome determinative, thus requiring reversal and a new trial. *Id*. I now reaffirm and adopt my legal conclusion and analysis provided in that previous opinion, dissent from the conclusion to the contrary rendered by the majority today, and provide additional analysis in response to the majority. *Id*.

The facts of the instant case, as written by the majority, involved an accusation by MD, a second grader, of sexual abuse by defendant. At trial, MD's mother, Miieshia Duhart, testified that MD told her about the sexual assault more than one year after it had occurred. Duhart's testimony was provided to corroborate MD, who also testified at trial. Nevertheless, the trial essentially came down to a credibility contest between defendant, who denied any such contact in a police interview that was played for the jury, and MD, who was the victim and only witness of the alleged assault. The police officer that introduced the video interview, MD, and Duhart were the only witnesses at trial.

-1-

The issue before us is whether the trial court's decision to admit Duhart's testimony without first establishing its admissibility pursuant to MRE 803A was a harmless error. I conclude that it was not. Our Supreme Court in *People v Douglas*, 496 Mich 557, 579; 852 NW2d 584 (2014), considered whether a violation of MRE 803A "more probably than not undermined the reliability of the verdict against the defendant, warranting relief." In doing so, the Court considered "the nature of the error in light of the weight and strength of the untainted evidence." *Id*. (quotation marks omitted). In *People v Gursky*, 486 Mich 596, 620-621; 786 NW2d 579 (2010), the Court provided certain circumstances that would weigh in favor of an error being considered harmless, including when the "hearsay statement is . . . offered merely to corroborate the child's testimony," "is cumulative to in-court testimony by the declarant," and where the declarant "is subject to cross-examination . . . ." The majority relies heavily on these factors, referencing that MD testified at trial, was cross-examined by the defense, and Duhart's testimony merely was cumulative to and corroborated MD's testimony.

I do not disagree that those factors weigh in favor of the trial court's error being considered harmless, however, I recognize that the Court in *Gursky* also was clear that "the fact that the statement [is] cumulative, standing alone, does not automatically result in a finding of harmless error." *Id*. at 620 (quotation marks omitted). The *Gursky* Court further provided additional factors that would suggest an error like the one in the present case was not harmless, including "where the evidence essentially presents a one-on-one credibility contest between the victim and the defendant," and "when the hearsay statement was made by a young child, as opposed to an older child or adult." *Id*. at 620-621. In the instant case, the prosecution made clear during closing argument that the jury's ultimate duty was to determine whether it would believe MD or not. While the majority makes much of the fact that the prosecution focused its advocacy of MD's credibility on MD's demeanor on the witness stand and other corroborative evidence including a sexual video on defendant's cellular telephone that MD described, it does not change the fact that the case essentially was a credibility contest. Importantly, the prosecution's closing argument did not focus on other, independent evidence of the crime committed—MD's demeanor and the cellular telephone video are not evidence of the crime itself—but on MD's credibility in light of those corroborative facts. Permitting Duhart to testify that MD told her about the alleged assault in terms that almost identically matched MD's trial testimony allowed reasonable jurors to lend additional credibility to MD's version of events, which could have weighed heavily to the jurors especially given MD's young age. In my view, the present case presents a situation regarding which the *Gursky* Court expressed specific concerns. *Id*.

The Court's reasoning in *Douglas*, 496 Mich App at 580-581, lends further support to my conclusion that the error was not harmless. In that case, like the present one, there essentially was a credibility contest between a young victim and the defendant. *Id*. at 580. The *Douglas* Court was not convinced that the improperly admitted hearsay testimony of a forensic interviewer was a harmless error even though the evidence was cumulative and corroborative of the victim's testimony. *Id*. at 580-581. The Court noted that the case was a one-on-one credibility contest, that the forensic interviewer's testimony and the video of the interview allowed the jury to, in essence, hear the victim's version of events multiple times, and that the testimony of the forensic interviewer added additional credibility to the young victim. *Id*. at 581-582. While the hearsay testimony in the present case did not come from a forensic interviewer, it did come from an adult witness in a case with very few witnesses that relied solely on the

credibility of a young child. The value of hearing the victim's story a second time and from an older, more mature witness was for the jury to decide, but I am not willing to say that the jury would not have attributed significant weight to that testimony. The majority's reliance on the corroborative and cumulative nature of the testimony, the cross-examination of the victim, and the corroboration of the cellular telephone video, was not "sufficiently powerful to restore confidence in the jury's verdict in light of the trial court's error." *Id*. at 582. In my view, Duhart's hearsay testimony "more probably than not 'tipped the scales' against [] defendant such that the reliability of the verdict against him was undermined and a new trial is warranted." *Id*. at 582-583, citing *Gursky*, 486 Mich at 621.

Thus, I would reverse defendant's convictions and remand for a new trial with instructions to the trial court that if the prosecution again seeks admission of the hearsay testimony under MRE 803A, the trial court is required to determine that the foundational elements of MRE 803A are met in a pretrial hearing before the evidence is presented to the jury. Notably, in remanding for those proceedings, defendant would have the proper notice and an opportunity to prepare to argue the admissibility of the evidence in question as required by MRE 803A, thereby rendering the notice portions of the Court's remand cured. *Hamilton*, ___ Mich at ___; 911 NW2d at 200.

I would reverse.

/s/ Michael J. Riordan